UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 1:14-cr-99-HSM-SKL |
| | ) |
| ALLEN BURNEY | ) |

## REPORT AND RECOMMENDATION

Defendant Allen Burney ("Defendant") filed a "Motion Pursuant to *Franks v. Delaware* and Motion to Suppress" [Doc. 14]. Plaintiff United States of America (the "government") filed a response in opposition to the motion [Doc. 18]. Defendant did not file a reply. For the reasons stated herein, I **RECOMMEND** that Defendant's request for a *Franks* hearing and motion to suppress be **DENIED**.

**I.   BACKGROUND**

Defendant is charged with possession of cocaine base ("crack") with the intent to distribute and with possession of a firearm by a person previously convicted of domestic violence based upon evidence seized during the execution of a search warrant on May 6, 2014. Attached to Defendant's motion as a collective exhibit are the Affidavit for Search Warrant, without the attached photographs and drawings, signed by Detective Zach Fuller of the Chattanooga Police Department (the "Affidavit") and the Search Warrant (the "Warrant") issued by Hamilton County General Sessions Court Judge Gary W. Starnes [Doc. 14-1].[1]  It appears to be uncontested that Defendant had an expectation of privacy with respect to the searched residence.

As relevant to the instant motion, the "four corners" of the Affidavit detail Detective Fuller's

---

[1] The government's response attaches the Affidavit with its original attachments [Doc. 18-1].

law enforcement experience and training related to controlled substance issues and then sets forth the following information:

2. Your affiant received information from a confidential informant concerning crack cocaine being sold from the said house.

3. The said informant advised me that within the last 72 hours said informant was on the premises of the potential defendant in this case, John Doe, alias a black male with a slim build, who resides in or occupies and is in possession of the following described premises, to wit [details of address and description of house with attached photographs]. While there said informant saw legend and/or narcotic drugs including crack cocaine, the same being on said premises in the possession of and control of John Doe, Alias a b/m with short hair and slim build.

4. The said informant further advised your affiant that John Doe, Alias sells crack cocaine to make a profit.

5. Your affiant was able to corroborate some of the information provided by the said informant. During surveillance and controlled buys, short term traffic was observed at the above address which is consistant [sic] with illegal narcotic sells [sic].

6. The said informant has made several controlled buys from the above said address for your affiant, with one buy occurring within the last 72 hours. The following controls were in place: Under the direction and control of your affiant, the said informant was physically checked or searched by your affiant for any type of contraband, your affiant found none on the informant who was visually monitored entering the premises while also being electronically monitored. The informant conducted the hand to hand drug transaction, specifically money for crack cocaine. Your affiant then observed the informant leave the said premises. Your affiant, close in time thereafter personally retrieved from the informant, the crack cocaine purchased by the informant and suspected to be crack cocaine. Your affiant personally inspected the crack cocaine and found it to match in color, texture, shape, and odor the controlled substance known as crack cocaine. Your affiant followed appropriate procedures or safeguards which ensured that the currency supplied to the informant prior to the purchase was spent as directed, and your affiant again physically checked or searched the informant and found no other contraband on the informant. This purchase was made by the informant, the informant made no stops or had no contact with any individuals before handing the crack cocaine to your affiant.

2

Case 1:14-cr-00099-HSM-SKL   Document 20   Filed 01/14/15   Page 2 of 14   PageID #: 70

> 7. Your affiant has known the said informant for approximately three years.
>
> 8. The said informant has provided your affiant information in the past that has lead to the investigation of individuals in violation of vice laws.
>
> 9. Investigator Wynn provided information received from a separate confidential informant pertaining to drugs being sold from the rear of the said house to be entered.

[Doc. 14-1].

## II. ANALYSIS

In his motion, Defendant requests a *Franks* hearing and argues the fruits of the search must be suppressed because the Affidavit contains false information from the affiant. Defendant also argues for suppression based on a violation of the Fourth Amendment claiming the Affidavit fails to adequately address the reliability of the informant and does not establish probable cause for the Warrant and ensuing search. Each argument will be addressed in turn.

### A. *Franks* Hearing

To be entitled to a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), commonly referred to as a *Franks* hearing, "based on an affirmative misstatement, a defendant must 'make[ ] a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and . . . the allegedly false statement is necessary to the finding of probable cause.'" *United States v. Neal*, 577 F. App'x 434, 450 (6th Cir. 2014) (alterations in original) (quoting *Franks*, 438 U.S. at 155-56). An affiant's omission of material information from his or her supporting affidavit may also provide a basis for a *Franks* hearing, but "there is a higher bar for obtaining a *Franks* hearing on the basis of an allegedly material omission as opposed to an allegedly false affirmative statement." *Neal*, 577 F. App'x at 450 (quoting *United States v. Fowler*, 535 F.3d 408, 415 (6th Cir. 2008); citing *United*

3

*States v. Carpenter*, 360 F.3d 591, 596-97 (6th Cir. 2004) ("But to be constitutionally problematic, the material must have been deliberately or recklessly omitted and must have *undermined* the showing of probable cause.")).

As elaborated by the Sixth Circuit,

> A defendant who challenges the veracity of statements made in an affidavit that formed the basis for a warrant has a heavy burden. His allegations must be more than conclusory. He must point to specific false statements that he claims were made intentionally or with reckless disregard for the truth. He must accompany his allegations with an offer of proof. Moreover, he also should provide supporting affidavits or explain their absence.

*United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990) (citations omitted). Significantly, in order to be entitled to a *Franks* hearing, the defendant must make a substantial preliminary showing that the affiant, rather than the informant, deliberately or recklessly included false information in the affidavit. *United States v. Rodriguez-Suazo*, 346 F.3d 637, 648 (6th Cir 2003) (quoting *Franks*, 438 U.S. at 155-56); *United States v. Ayen*, 997 F.2d 1150, 1152 (6th Cir. 1993).

In support of his argument that Detective Fuller deliberately or recklessly included false information in the Affidavit, Defendant's motion contains what he terms an "offer of proof" stating:

> Information provided to Mr. Burney in the form of discovery indicated, in the FBI's Prosecution Case Report, Case Summary, that, "CPD detectives received information from a confidential human source (CHS) regarding the sale and distribution of a crack cocaine from Burney . . .". The summary also indicates that "The CHS had known Burney for approximately three years . . .".

[Doc. 14 at Page ID # 29]. Based on these alleged quotes from the FBI Prosecution Case Report,[2] Defendant argues Detective Fuller mischaracterized the target individual as a "John Doe" because the case report states informant had known Defendant for about three years. Defendant argues the

---

[2] The report was not filed by either party.

Affidavit is misleading because, as Defendant describes it, Detective Fuller "nefariously disguised" Defendant's identity as John Doe, instead of using Defendant's real name [Doc. 14 at Page ID # 31]. In addition, Defendant's motion "offers" that the government has admitted there are no recordings of any surveillance or controlled buys, and Defendant contends this admission contradicts the Affidavit's claim that the informant was visually and "electronically" monitored [Doc. 14 at Page ID # 32].

Arguing Defendant has not met the heavy burden required for a *Franks* hearing, the government responds that Defendant's offer of proof is nothing more than a conclusory allegation because he has not offered an affidavit or an explanation for his failure to provide one. Making conclusory allegations of its own, the government also contends Defendant failed to disclose that the discovery upon which he relies is merely a statement in an unsworn case summary prepared by the FBI case agent who had no personal involvement with the investigation. Without submitting any proof to support its contentions in this regard, the government also contends this FBI case report contains merely a summary of the investigation and the documents contained within the case file. Noting that the only other connection in the case file linking the informant with someone over a period of three years is the statement contained in the Affidavit that Detective Fuller knew the informant for a period of three years, the government speculates that the FBI case agent may have mistakenly attributed the length of time that Detective Fuller had known the informant with the amount of time that the informant had known Defendant.[3] In addition, the government argues that even if the informant did know Defendant for a period of three years, it would not disprove any portion of the Affidavit because it would not mean the informant knew Defendant's true name, and

---

[3] This speculation plays no part in my recommendation or consideration of this matter.

Defendant offered no proof he was known on the street by his true name.

I **FIND** Defendant has not met the heavy burden required for a *Franks* hearing. As to identifying Defendant as "John Doe" in the Affidavit, even if the unsworn FBI case summary is correct and the informant knew Defendant for three years, Defendant has not made a substantial preliminary showing that the informant ever revealed Defendant's true name to Detective Fuller or that Detective Fuller included a false statement about Defendant's name knowingly and intentionally, or with reckless disregard for the truth. *See Franks*, 438 U.S. at 155-56; *Neal*, 577 F. App'x at 450. Even assuming, for the sake of argument, that Defendant had made such a showing concerning the identification of Defendant as a "John Doe," Defendant has not shown the allegedly false statement is necessary to the finding of probable cause as a search warrant may be issued based on an application that does not identify any particular person. *See, e.g., United States v. Ellison*, 632 F.3d 347, 350 (6th Cir. 2011) (citation omitted) (holding "precedent does not require 'the name or description of a person . . . to establish probable cause for a search warrant'"); *see also Zurcher v. Stanford Daily*, 436 U.S. 547, 555-56 (1978) (citations omitted) ("Search warrants are not directed at persons; they authorize the search of 'place[s]' and the seizure of 'things,' and as a constitutional matter they need not even name the person from whom the things will be seized . . . . The critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought.").

Defendant also contends Detective Fuller's statement that the informant was visually and electronically monitored creates a false impression, or omits material information, that there is no recording of the electronic monitoring. The judge issuing the Warrant may, or may not, have assumed that such electronic monitoring was recorded, but Defendant has not made a substantial

preliminary showing that Detective Fuller made a *false* statement that the controlled buys were visually and electronically monitored since electronic monitoring may take place without that monitoring being recorded. Thus, the more pertinent question appears to be whether the failure to disclose that the monitoring was not recorded is a material omission.

When a defendant challenges the veracity of a warrant affidavit which suffers from a material omission, courts have "repeatedly held that there is a higher bar for obtaining a *Franks* hearing on the basis of an allegedly material omission as opposed to an allegedly false affirmative statement." *Fowler*, 535 F.3d at 415 (citation omitted). As argued by the government, an affidavit can sufficiently establish probable cause where the affidavit states a controlled buy was electronically monitored and the evidence later reveals the transmission of the controlled buy was not recorded. *See, e.g., United States v. Jackson*, 470 F.3d 299, 304-08 (6th Cir. 2006) (concluding that "corroboration of events that occurred during the controlled buy, as set forth in the affidavit, provide sufficient probable cause to sustain issuance of the search warrant"). In fact, an affidavit which omits both the fact that a controlled buy was monitored in real time and was not recorded, has been held to be sufficient to establish probable cause. *See, e.g., United States v. Henry*, 299 F. App'x. 484, 487-88 (6th Cir. 2008) (holding that an affidavit that "only details one controlled purchase and fails to mention whether law enforcement officials monitored the purchase with a listening device" establishes probable cause under the totality of the circumstances because the single controlled purchase was sufficient independent corroboration of the confidential informant). As a result, Defendant's position--that the failure to mention the monitoring was not recorded amounts to a material omission--is not persuasive. In addition, there has been no showing that Detective Fuller deliberately withheld the information that the electronic monitoring was not preserved in a

7

recording. *See Fowler*, 535 F.3d at 415-16 (holding omission of fact that informant was still involved in criminal activity did not satisfy the first prong for a *Franks* hearing, because the defendant failed to provide more than mere conclusory allegations in order to satisfy his burden of sufficiently showing that the affiant deliberately or with reckless disregard for the truth omitted a material fact).

Accordingly, I **FIND** Defendant has not made the requisite showing for a *Franks* hearing.

### 2. Validity of the Search Warrant

The remaining issue for examination is whether the information found within the four corners of the Affidavit provides adequate probable cause for issuance of the Warrant. Defendant argues the Affidavit provides neither meaningful information about informant reliability nor substantial independent police corroboration. Regarding reliability, Defendant notes the Affidavit indicates only that the informant had provided information that lead to the *investigation* of others for violation of vice laws, not to conviction or even prosecution, and not for drugs, and that it contains no information about the reliability of the second informant. As for corroboration, Defendant argues that the noted controlled buys were inadequately controlled, monitored, and described in the Affidavit and that the reference to short-term traffic was inadequately described in the Affidavit and provided no substantial corroboration.

In response, the government does not appear to attempt to rely on a showing of reliability, as the response is focused on the corroboration of the first informant's information. The government notes the Affidavit sets forth that Detective Fuller was approached by an informant he had known for approximately three years and that the informant had provided information to him in the past that led to the investigation of individuals violating vice laws. The informant had personally been inside

8

the residence at issue and had seen drugs, including crack cocaine, in the possession of and control of a John Doe who was described as a black male with short hair and a slim build. The Affidavit indicates Detective Fuller corroborated this information by having the informant make controlled purchases, including one within 72 hours of the date that the Warrant was sought. The Affidavit relayed that the following controls were in place during each buy: the informant was "physically checked or searched" for any contraband; after confirming that the informant was not in possession of any such contraband, the informant was visually monitored entering the premises where the purchase took place; the transaction was "electronically monitored"; after the hand-to-hand transaction was conducted, the informant was observed walking out of the premises; then, "close in time thereafter," and without the informant making any stops or having contact with anyone else, a substance believed to be crack was retrieved from the informant. Detective Fuller further averred that he followed appropriate procedures or safeguards to ensure that the currency supplied to the informant was spent as directed and after a controlled buy, he again checked the informant for contraband and found none. Detective Fuller also personally observed short-term traffic, which he found to be consistent with illegal narcotics trafficking, at the target residence.

When, as is the situation here, a search warrant is obtained by state officers from a state court, but the evidence seized is ultimately to be used in a federal prosecution, the validity of the warrant is examined under the standards of the Fourth Amendment. *See, e.g.*, *United States v. Wright,* 16 F.3d 1429, 1437 (6th Cir. 1994). The Fourth Amendment states, *inter alia*, that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend IV. Because Defendant is not entitled to an evidentiary hearing pursuant to *Franks*, this Court must

9

make a determination of probable cause by evaluating the information contained within the four corners of the affidavit supporting the warrant. *See, e.g.*, *United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000) ("The affidavit is judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added.").

In making such an evaluation, great deference is accorded to the issuing judge's determination of probable cause. *See, e.g.*, *United States v. Calloway*, 116 F.3d 1129, 1132 (6th Cir. 1997) (holding the issuing judge's determination of probable cause should not be reversed absent clear error). "[T]he task of a reviewing court is not to conduct a de novo determination of probable cause, but only to determine whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant." *Massachusetts v. Upton,* 466 U.S. 727, 728 (1984). An affidavit supporting the issuance of a search warrant should be reviewed in a commonsense, rather than hypertechnical, manner to determine probable cause. *United States v. Johnson*, 351 F.3d 254, 258 (6th Cir. 2003). Probable cause to conduct a search exists when there is "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). "[A]n affidavit in support of a search warrant does not need to name or describe the person who sold the drugs or name the owner of the property, because search warrants are not directed at persons; they authorize the search of places and the seizure of things, and as a constitutional matter they need not even name the person from whom the things will be seized." *Ellison*, 632 F.3d at 350 (citations, internal quotation marks, and alterations omitted).

Information regarding illegal activity which comes to the attention of law enforcement through a confidential informant, as in the instant case, can serve as the basis for probable cause, as long as the reliability of the confidential source is established as part of the totality of the

10

circumstances. *See United States v. Jones*, 159 F.3d 969, 974 (6th Cir. 1998). Two factors are critical to the determination that a confidential informant's tip provides a substantial basis for finding probable cause: (1) an explicit and detailed first-hand description of the wrongdoing and (2) corroboration of the tip by independent investigation. *United States v. Sonagere,* 30 F.3d 51, 53 (6th Cir. 1994). In determining the reliability of informant information, the issuing magistrate, and this Court, "must consider the veracity, reliability, and the basis of knowledge for that information as part of the totality of the circumstances . . . ." *United States v. Helton,* 314 F.3d 812, 819 (6th Cir. 2003) (citing *Gates,* 462 U.S. at 238). An affidavit "must state facts supporting an independent judicial determination that the informant is reliable," but the facts need not be stated in any particular form. *United States v. McCraven,* 401 F.3d 693, 697 (6th Cir. 2005). Independent corroboration of the informant's information is not required when the issuing magistrate is provided with assurances that the informant is reliable, such as a prior record of providing reliable information. *See*, *e.g., Helton,* 314 F.3d at 820; *United States v. Greene*, 250 F.3d 471, 480 (6th Cir. 2001) (citations omitted) ("Sixth Circuit precedent clearly establishes that the affiant need only specify that the confidential informant has given accurate information in the past to qualify as reliable."); *United States v. Allen,* 211 F.3d 970, 976 (6th Cir. 2000) (en banc).

In this case, Defendant attacks the sufficiency of the Affidavit for a number of reasons, including allegations that it fails to: (1) provide meaningful information as to the reliability of the informant; (2) specify the number or timing of the controlled buy or buys conducted in addition to the one which occurred within 72 hours prior to the issuance of the Warrant; (3) identify the number of vehicles observed while monitoring short-term traffic at the target residence; (4) specify whether the informant's vehicle was searched before and after the controlled buy; and (5) indicate when

11

Detective Fuller received information from another investigator whose informant claimed drugs were being sold from Defendant's residence or provide other meaningful details about the investigator or second informant. As Defendant correctly points out, the observation that one of the informants had in the past provided information leading to the *investigation* of individuals regarding the violation of vice laws does not, in itself, qualify the informant as reliable. The blanket statement that Detective Fuller knew the informant for three years does not add significantly to the evaluation of the first informant's reliability. While a known informant may be considered more reliable than an anonymous source and, arguably, two informants with untested reliability may be considered better than one in some circumstances, I **FIND** neither informant's reliability is adequately demonstrated in the Affidavit to support a finding of probable cause without the need for corroboration.

I also **FIND** the Affidavit provides sufficient corroboration to demonstrate the informants' information provided a substantial basis for finding probable cause to issue the Warrant. First, the first informant gave an explicit and detailed firsthand description of the wrongdoing. Second, there was substantial police corroboration of the tip through independent investigation. *See Sonagere,* 30 F.3d at 53. The Defendant concentrates on what the Affidavit does not specify by noting it does not state whether the informant's vehicle, in addition to his person, was searched before or after the controlled buys, does not identify exactly how close in time the informant was searched after each buy occurred, does not specify the number of controlled buys conducted in addition to the one which occurred within 72 hours of the application for the Warrant, does not identify exactly when the controlled buys took place, and does not specify that, while the controlled buys were electronically monitored, they were not recorded. Reviewing what the Affidavit does contain, however, in a

12

commonsense manner, with the required deference, under a totality-of-the-circumstances standard, I **FIND** the Affidavit does provide a substantial basis for the issuing judge to have reasonably believed a search of the residence would uncover evidence of wrongdoing at the place to be searched. A reasonable reading of the Affidavit shows a known informant reported witnessing illegal drug sales being made from the residence by a described John Doe. At some point, another informant related that drug trafficking occurred at the residence to another officer. That drugs were being trafficked from the residence was corroborated when one of the confidential informants engaged in controlled buys at the residence, one within 72 hours of the Warrant application. In addition, during surveillance and controlled buys, short term traffic was observed which was opined to be consistent with illegal narcotic sales. This is substantial police corroboration. *See, e.g., United States v. Archibald*, 685 F.3d 553, 557 (6th Cir. 2012) (holding that an affidavit that states an informant made a controlled buy while under police surveillance and describes the arrangements for the controlled purchase provides sufficient corroborating information); *United States v. Coffee*, 434 F.3d 887, 893-94 (6th Cir. 2006) (holding that an affidavit that contains no statements about the reliability of an informant, but details the circumstances of a controlled purchase and its connection to a premises, supports a finding of probable cause).

Accordingly, I **FIND** the Affidavit established probable cause for issuance of the Warrant based upon a fair probability that contraband or evidence of a crime would be found at the residence.[4]

---

[4] Assuming *arguendo* there was a defect in the Affidavit and Warrant, I would **FIND** the good-faith exception established in *United States v. Leon*, 468 U.S. 897 (1984), and its progeny applicable in this situation. Given my findings and the lack of a reply brief, however, it is not a necessary or wise use of judicial resources to belabor this finding.

13

## III. CONCLUSION

For the reasons stated above, I **RECOMMEND**[5] that Defendant's motion to suppress [Doc. 14] be **DENIED**.

                                               s/ *Susan K. Lee*
                                               SUSAN K. LEE
                                               UNITED STATES MAGISTRATE JUDGE

---

[5] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 59(b)(2) of the Federal Rules of Criminal Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal quotation marks and citation omitted). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).